UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
STONEEAGLE SERVICES, INC.           :
:      CASE NO. 1:15-MC-00010
Plaintiff,                :
:
vs.                                             :      OPINION & ORDER
:      [Resolving Doc. 1]
PAY-PLUS SOLUTIONS, INC., ET AL.,   :
:
Defendants.               :
:
and                                             :
:
ECHO HEALTH, INC.                   :
:
Interested Party.         :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this patent infringement case currently pending in the U.S. District Court for the Middle District of Florida, Plaintiff StoneEagle Services, Inc., has moved to quash part of a subpoena served on third party ECHO Health, Inc., by Defendants Pay-Plus Solutions, Inc., and Premier Healthcare Exchange, Inc.[1/] Defendants oppose the motion.[2/]  ECHO Health has not responded to the motion.

For the following reasons, the Court **MODIFIES** the subpoena pursuant to Rule 45, and **DENIES** the motion to quash the modified subpoena.

**I. Background**

In August 2013, Plaintiff StoneEagle sued its competitors, Defendants Pay-Plus Solutions and Premier Healthcare Exchange, in the Middle District of Florida, alleging Defendants were

---

[1/] Doc. 1.
[2/] Doc. 6 (redacted version); Doc. 8 (unredacted version filed under seal).

-1-

Case No. 1:15-MC-00010
Gwin, J.

infringing on two of Plaintiff's patents for its "Medical Benefits Payment System[s]."[3/] Since then the parties have been engaged in ongoing discovery.[4/]

On January 20, 2015, Defendants served a subpoena on non-party ECHO Health—a company headquartered in Ohio—that contained four requests for production of documents.[5/] StoneEagle has moved to quash Request 1, which seeks documents "concerning the negotiation of the Patent License Agreement between ECHO and StoneEagle entered into on May 1, 2014."[6/] StoneEagle argues that Request 1 is duplicative of outstanding discovery requests that are currently pending in the Middle District of Florida—i.e., that Defendants have already sought this information from StoneEagle, and thus there is no need to make ECHO produce it as well. In addition, StoneEagle says Request 1 impermissibly seeks StoneEagle's proprietary and business information, and that in any event information about licensing negotiations is irrelevant to the issues.

On March 5, 2015, Magistrate Judge Mark A. Pizzo of the Middle District of Florida denied a motion to compel production of StoneEagle's documents relating to any negotiations it has had with anybody about the patents at issue here, and specifically any documents relating to the negotiation of its licensing agreements.[7/] Magistrate Judge Pizzo also, however, ordered StoneEagle to produce certain non-privileged communications regarding these patents.

## II. Legal Standards

Parties may obtain discovery regarding any matter, not privileged, that is relevant to any

---

[3/]M.D. Fla. Doc. 1.
[4/]*See* M.D. Fla. Doc. 89 (marginal order extending discovery deadline until March 3, 2015).
[5/]Doc. 1-1.
[6/]Doc. 1.
[7/]M.D. Fla. Doc. 110.

Case No. 1:15-MC-00010
Gwin, J.

claim or defense involved in the pending action.[8/] Under Rule 26 of the Federal Rules of Civil Procedure, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[9/] Rule 26 is to be liberally construed to permit broad discovery.[10/]

"The scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure is also 'subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1).'"[11/] A court must quash a subpoena that, *inter alia*, requires disclosure of privileged or other protected matter or subjects a person to undue burden.[12/] A court may quash a subpoena that requires a person subject to or affected by the subpoena to "disclos[e] a trade secret or other confidential research, development, or commercial information."[13/]

"The movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure."[14/] "In evaluating a motion to quash, the court may consider 'whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) the information sought is relevant, nonprivileged, and crucial to the moving party's case.'"[15/] "The party issuing the subpoena must take reasonable steps to avoid

---

[8/] Fed. R. Civ. P. 26(b)(1).
[9/] *Id.*
[10/] *See United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976).
[11/] *Cawley v. Eastman Outdoors, Inc.*, No. 1:14-cv-00310, 2014 WL 4656381, at *2 (N.D. Ohio Sept. 16, 2014) (quoting *Laethem Equip. Co. v. Deere & Co.*, No. 05-CV-10113, 2007 WL 2873981, at *4 (E.D. Mich. Sept. 24, 2007)).
[12/] Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).
[13/] *Id.* at 45(d)(3)(B)(i).
[14/] *Recycled Paper Greetings, Inc. v. Davis.*, No. 1:08-MC-13, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008).
[15/] *Id.* (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003)).

Case No. 1:15-MC-00010
Gwin, J.

imposing an undue burden on a person subject to the subpoena . . . ."[16] "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing."[17]

### III. Analysis

Magistrate Judge Pizzo recently denied a motion to compel the production by StoneEagle of documents similar to those sought with this subpoena.[18] The Court will not disturb that order and give Defendants a second bite at the apple through the use of a third-party subpoena.[19] Based on Magistrate Judge Pizzo's ruling, the Court finds that Request 1 in its current form would subject ECHO to an undue burden by requiring it to produce documents that Defendants are not entitled to, or that StoneEagle is already required to produce.[20]

The only documents sought in Request 1 that are not covered by the Magistrate Judge Pizzo's order are ECHO's internal communications and analyses arising from the licensing negotiations. The Court therefore modifies the subpoena so that it only requests ECHO's internal documents

---

[16]*Griffiths v. Ohio Farmers Ins. Co.*, No. 1:09-CV-1011, 2010 WL 2730657, at *1 (N.D. Ohio July 2, 2010).

[17]*Davis*, 2008 WL 440458, at *3 (internal quotation marks and citations omitted).

[18]M.D. Fla. Doc. 110.

[19]*In re Subpoenas to Wis. Energy Corp.*, No. 10-mc-7, 2010 WL 715429, at *2 (E.D. Wis. Feb. 24, 2010) (quashing subpoenas that "are really an end-run around the discovery restrictions imposed in" the underlying case pending in another district); *see also F.D.I.C. v. Everest Reinsurance Holdings, Inc.*, No. 13 Misc. 381, 2014 WL 260589, at *3 (S.D.N.Y. Jan. 23, 2014) (transferring a subpoena to the district hosting the underlying litigation to avoid "hamstring[ing]" the other court with potentially conflicting decisions about the scope of discovery).

[20]*See, e.g., Cleveland Clinic Health Sys.-E. Region*, No. 1:11-cv-2074, 2012 WL 187979, at *3 (N.D. Ohio Jan. 23, 2012) (quashing defendant's third-party subpoena where many of the requested documents had already been provided by the plaintiff and the remaining requests were overly broad or sought privileged material); *Recycled Paper Greetings*, 2008 WL 440458, at *4 (quashing plaintiff's third-party subpoena where the requested documents had already been provided by the defendant); *Koch v. Greenberg*, No. 07 Civ. 9600, 2009 WL 2143634, at *5 (S.D.N.Y. July 14, 2009) (quashing certain requests for production within a subpoena where the only parts of the requests that would have yielded relevant materials were duplicative of other requests).

Case No. 1:15-MC-00010
Gwin, J.

regarding the license negotiations.[21]

The subpoena was issued to ECHO, Plaintiff's licensee, seeking confidential information about ECHO's negotiations with StoneEagle. But ECHO is not seeking to quash the subpoena—StoneEagle is. "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."[22] Courts have held that a corporation has standing to object to a subpoena served on a third party that would result in the disclosure of its financial records[23] or business records[24] held by that third party. The Court finds that StoneEagle has no personal interest, however, in ECHO's purely internal documents, even though those documents may include discussions about some aspects of StoneEagle's business. The mere fact that StoneEagle expected ECHO would keep such information confidential is not enough to give it a personal interest in ECHO's documents, especially when it has not alleged any specific harm that would result were they produced.[25] Thus, StoneEagle lacks standing to move to quash the modified

---

[21] *See* Fed. R. Civ. P 45(d)(3)(A)(iv); Fed. R. Civ. P. 26(b)(2)(C); *Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115, 117 (E.D. Mich. 1977) ("In ruling on a motion to quash a subpoena duces tecum, the Court is not limited to the remedy of quashing the subpoena, but may so modify it as to remove its objectionable features."). Note that this modification does not of its own force require ECHO to produce these documents. The Court understands that ECHO has objected to Request 1, *see* Doc. 1 at 4 n.2, but it has not filed a motion to quash. Defendants have not filed a motion to compel production of the documents ECHO objected to.

[22] 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2459 (3d ed. 2013); *Johnson v. Guards Mark Sec.*, No. 4:04-CV-2447, 2007 WL 1023309, at *1 (N.D. Ohio Mar. 31, 2007).

[23] *E.g.*, *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003); *accord Waite, Schneider, Bayless & Chesley Co. v. Davis*, No. 1:11-CV-0851. 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013).

[24] *Albany Molecular Research, Inc. v. Schloemer*, 274 F.R.D. 22, 25 (D.D.C. 2011).

[25] *Cf. Waite, Schneider, Bayless & Chesley Co.*, 2013 WL 146362, at *6 (citing *Hackmann v. Auto Owners Ins. Co.*, No. 2:05-cv-876, 2009 WL 330314, at *2 (S.D. Ohio Feb. 6, 2009)) (confidentiality of documents is not in itself a reason to quash a subpoena); *Cawley*, 2014 WL 4656381 at *3 (non-specific allegations regarding the burden of production do not require quashing a subpoena); *Transcor*, 212 F.R.D. at 592–93 (generalized allegations that disclosure would lead to a competitive disadvantage are not a "clearly defined and serious injury" that requires quashing a subpoena).

Case No. 1:15-MC-00010
Gwin, J.

subpoena.

### IV. Conclusion

For the foregoing reasons, the Court **MODIFIES** the subpoena as specified above, and **DENIES** the motion to quash the modified subpoena.

IT IS SO ORDERED.


Dated: March 9, 2015            s/      *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE